IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 6:07-CV-03223-MDH |
| CLARENCE MOORE | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 49). The Magistrate Judge recommends that Plaintiff's Motion for Revocation of Conditional Release (Doc. 38) be granted, that the Court's Order of Conditional Release (Doc. 28) be revoked, and that Defendant be remanded to the custody of the Attorney General for further hospitalization and treatment pursuant to 18 U.S.C. § 4246.

Defendant was committed to the custody of the attorney general under § 4246 on November 21, 2007. (Doc. 12). He was conditionally released on October 31, 2011. (Doc. 28). On October 4, 2018, Plaintiff moved for an order revoking his conditional release after Defendant violated the terms of his release by refusing treatment and using methamphetamine. (Doc. 38). In support of its Motion, Plaintiff attached a Risk Assessment Report assembled by four medical professionals. (Doc. 38-1). The report, dated September 26, 2018, diagnosed Defendant with schizophrenia. *Id.* at 8. The panel noted that Defendant was presenting as "overtly psychotic and disorganized" and opined that he is currently suffering from a mental disease and that, if released, his illness would create a substantial risk of bodily injury to another person or serious damage to the property of another. *Id.* at 10. The panel recommended that the Defendant continue to be

1

committed to the custody of the attorney general for further inpatient mental health treatment under § 4246.

At Defendant's request, an independent psychological evaluation was conducted by Shawna Baron, Psy.D. In her report dated December 5, 2018, (Doc. 45), Dr. Baron diagnosed Defendant with schizophrenia. *Id.* at 6. She opined that Defendant was exhibiting active psychotic symptoms and that his mental illness left him at a substantial risk for harm to himself, others, and property. *Id.* She ultimately concurred with the Risk Assessment Panel and concluded that the Defendant met the criteria for continuing commitment under § 4246. *Id.*

On January 29, 2019, the Magistrate Judge held a hearing on Plaintiff's Motion. (Doc. 46). At the hearing, Defendant testified that he did not think he suffered from a mental illness but that he would continue to voluntarily take medication for his mental illness. (Doc. 47 at 4-5). He claimed that, if released, he would not pose a danger to other people or their property. *Id.* at 5.

Defendant filed exceptions to the Report and Recommendation of the Magistrate Judge. (Doc. 52). Defendant specifically excepted to Magistrate Judge's finding that (1) Defendant violated the terms of his release; and (2) Defendant's continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. *Id.* at 3-4. Defendant stated that the Magistrate Judge's findings were not supported by the evidence and were contrary to the testimony of the Defendant at the hearing. *Id.* at 4.

The Court has carefully reviewed the record and all of the evidence in this case. The Court notes that the Defendant's testimony is at odds with the overwhelming weight of the evidence in this case, including Defendant's own past behavior and the conclusions of both the Risk Assessment Panel and the independent psychological examiner. The Court finds that a preponderance of the evidence supports the Magistrate Judge's conclusion that the Defendant

violated the terms of his release. The Court further finds by a preponderance of the evidence that, in light of Defendant' failure to comply with the conditions of his release, his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Consequently, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **REJECTS** Defendant's Exceptions. The Court **GRANTS** Plaintiff's Motion for Revocation of Conditional Release and orders that the Defendant be committed to the custody of the attorney general for hospitalization and treatment in a suitable facility under 18 U.S.C. § 4246(f). The Conditional Release Order entered by this Court on October 31, 2011, is **REVOKED**.

    **IT IS SO ORDERED**.


DATED: March 29, 2019

                               */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**